IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-21015

Summary Calendar
_____


JOE B. RAMON,

                                        Plaintiff-Appellant,

v.

BOB LANIER, Mayor; CITY OF HOUSTON,

                                        Defendants-Appellees.

        ------------------------------------

JOE B. RAMON,

                                        Plaintiff-Appellant,

v.

CITY OF HOUSTON,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
(H-96-CV-2996 & H-96-CV-3685)
_____
August 3, 1998
Before KING, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    The district court granted summary judgment for the

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants in these consolidated cases filed by Joe B. Ramon alleging that he was refused employment in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (1994). Ramon claimed that he applied for employment with the City of Houston on two different occasions and that his applications were rejected in favor of other applicants who were non-Hispanic, younger males even though he possessed job qualifications that were superior to those of the successful applicants. The defendants contended that Ramon was not qualified for the first job that he applied for, and that his poor performance during a job interview eliminated him from consideration for the second job.

The district court, in a careful, detailed opinion, assumed, without deciding, that Ramon had made a prima facie case of discrimination under Title VII or the ADEA, but concluded that Ramon had not demonstrated that a genuine issue of material fact remained on whether the defendants' reasons for refusing his employment applications were pretexts for unlawful discrimination. As the district court correctly noted, an employer's proffered reason cannot be proven to be a "'pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason," citing Walton v. Bisco Indus. Inc., 119 F.3d 368, 369 (5th Cir.

2

1997)(quoting <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 515 (1993)). The district court noted that the only evidence proferred by Ramon on both topics was his own affidavit which makes only conclusory allegations that he was refused the jobs at issue because of his national origin and age. The district court concluded that Ramon had pointed to no evidence which showed that a genuine issue of material fact existed on whether the defendants' stated reasons for not hiring him were false and that discrimination was the real reason and granted summary judgment for the defendants.

On appeal, Ramon remains unable to point to any evidence that discrimination was the real reason that he was not hired. The only evidence he discusses is his own belief that discrimination was at work and the fact that the hirees were not Hispanic and were younger than he. As the district court correctly concluded, that evidence is not sufficient to raise a fact question.

The judgment of the district court is AFFIRMED.